**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harold Lee AICHELE,
Defendant–Appellant.**

**No. 89–10547.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1990.

Decided Aug. 30, 1990.

As Amended Oct. 25, 1990.

---

Dennis S. Waks, Assistant Federal Public Defender, Sacramento, Cal., for defendant-appellant.

John K. Vincent, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, SNEED and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Harold Lee Aichele appeals his conviction of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). The appeal presents a narrow issue, whether a reckless driving conviction is a "minor traffic infraction" for purposes of determining a defendant's criminal history. Affirming the district court, we hold that it is not.

## PROCEEDINGS

On July 20, 1989 Aichele, pursuant to a plea agreement, pleaded guilty of manufacturing methamphetamine between July 18, 1988 and December 21, 1988 in the City of Palermo, Butte County, California. In calculating his criminal history, the probation officer determined that he had been court-martialled in 1983 while a sergeant in the Air Force for possession of hashish, cocaine and LSD, imprisoned and dishonorably discharged and further, that while on military parole from this conviction, he pleaded guilty on November 22, 1985 to a charge of reckless driving on his motorcycle in Pleasant Hill, California. For the latter offense he was sentenced to traffic school, a fine, and three years probation. He was, therefore, still on probation for reckless driving when he committed the drug offense for which he was being sentenced.

Pursuant to § 4A1.1(c) of the Guidelines, the probation officer increased Aichele's criminal score by one point for the reckless driving conviction. United States Sentenc-

ing Commission *Guidelines Manual* (U.S. S.G.) § 4A1.1(c). The probation officer increased Aichele's score by another two points for committing his present crime while on probation for reckless driving. *Id.* at § 4A1.1(d).

Aichele's total offense level of 32 and his criminal history category of III set a range of imprisonment between 151 and 188 months. *Id.* at Ch. 5, Part A (Sentencing Table). Aichele challenged the presentence report on the ground that reckless driving was a "minor traffic infraction" excluded from his criminal history by virtue of § 4A1.2(c). The district court rejected his argument and sentenced him to 151 months in prison and five years supervised release. This appeal followed.

## ANALYSIS

At issue is whether reckless driving is a minor traffic infraction and so excludable from criminal history by the explicit provision for such exclusion in § 4A1.2(c). We are not left in doubt as to what is an "infraction." An infraction is any offense for which the maximum authorized term of imprisonment is not more than 5 days. 18 U.S.C. § 3559(a). Obviously Aichele's reckless driving conviction was not an infraction, much less was it a minor infraction.

We are asked by Aichele to look at California law to determine this question, but the Sentencing Guidelines and the Sentencing Reform Act of 1984 are intended to be used nationally and to define federal sentences for federal crimes. *See United States v. Brunson*, 907 F.2d 117 (10th Cir. 1990); *United States v. Baskin*, 886 F.2d 383, 389 (D.C.Cir.1989). We have no occasion to go beyond the Guidelines, the Reform Act and their respective commentaries.

AFFIRMED.