959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerald Patrick JONES, Defendant-Appellant.
 No. 91-50144.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerald Patrick Jones appeals his sentence under the United States Sentencing Guidelines ("Guidelines") following a guilty plea to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Jones contends that the district court erroneously calculated his criminal history score. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's interpretation of the Guidelines. See United States v. Anderson, 942 F.2d 606, 608 (9th Cir.1991). Under the Guidelines, minor traffic infractions are not counted toward a defendant's criminal history score. U.S.S.G. § 4A1.2(c)(2). "An infraction is any offense for which the maximum authorized term of imprisonment is not more than 5 days." United States v. Aichele, 912 F.2d 1170, 1171 (9th Cir.1990).
 
 
 4
 Here, Jones argues that his conviction for Exhibition of Speed under California Vehicle Code § 23109(c) was a minor traffic infraction and should not have been counted toward his criminal history score.[1] Nevertheless, violation of section 23109 is a misdemeanor offense and is punishable by imprisonment for not more than 90 days or by fine. Cal.Veh.Code §§ 23109(i), 40000.15. Clearly, violation of section 23109 is not an infraction. See Aichele, 912 F.2d at 1171 (reckless driving not an infraction for purposes of criminal history score). Therefore, the district court properly computed Jones' criminal history score. See id.
 
 
 5
 In his reply brief, Jones contends that his criminal history category overrepresents the seriousness of his criminal history and that the district court should depart downward from the Guidelines sentencing range. Jones failed to raise this issue below and therefore, we decline to review it on appeal. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The probation officer preparing Jones' presentence report ("PSR") assigned one criminal history point for the traffic conviction. Jones' score was increased by two points for committing the present offense while on probation for the traffic conviction. See U.S.S.G. § 4A1.1(d). Therefore, Jones' criminal history score was 3, placing him in a criminal history category of II