# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

ERIC JAMES THORNTON, JR., aka
Seal B,
          *Defendant-Appellant.*

No. 04-50226

D.C. No.
CR-03-01243-
JFW-2

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
October 19, 2005—Pasadena, California

Filed April 17, 2006

Before: Cynthia Holcomb Hall, Diarmuid F. O'Scannlain,
and Richard A. Paez, Circuit Judges.

Opinion by Judge Paez

4245

**COUNSEL**

Jerry Sies, Los Angeles, California, for the defendant-appellant.

Becky S. Walker and Carole C. Peterson, Office of the United States Attorney, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

PAEZ, Circuit Judge:

This case requires us to decide whether a conviction under California Vehicle Code section 23152(b) for driving with a blood alcohol level of 0.08 or higher is a conviction for an offense "similar" to driving under the influence, such that it must be included in a defendant's criminal history calculation pursuant to U.S.S.G. § 4A1.2 cmt. n.5.[1] We hold that it is.

## I.    Background

Eric James Thornton, Jr. pleaded guilty to violating 21 U.S.C. § 846 (conspiracy to distribute a controlled substance). Thornton signed a written plea agreement that contemplated, but did not guarantee, application of U.S.S.G. § 5C1.2, known as the "safety valve" provision. Pursuant to this provision, "in the case of an offense under 21 U.S.C. § . . . 846 . . . , the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets" certain criteria. U.S.S.G. § 5C1.2(a). One of those criteria is that "the defendant does not have more than 1 criminal history point." *Id.* § 5C1.2(a)(1). If Thornton did not satisfy the criteria for application of the safety valve, he faced a mandatory minimum sentence of 120 months in prison followed by five years of supervised release. *See* 21 U.S.C. § 841(b).

Thornton's Presentence Report ("PSR") recommended that one criminal history point be added to his criminal history score for his prior sentence of probation for violating California Vehicle Code section 23152(b). *See* U.S.S.G. § 4A1.1(c). The PSR also recommend that two criminal history points be added for committing the § 846 offense while under that sen-

---

[1]All references are to the November 2003 version of the United States Sentencing Guidelines.

tence of probation. *See id.* § 4A1.1(d). These recommendations resulted in a total criminal history score of three points, which placed Thornton in Criminal History Category II. The three points also rendered him ineligible for safety valve relief.

Thornton objected to the PSR, arguing that his conviction for driving with a blood alcohol level of 0.08 or higher was a conviction for a minor traffic infraction or public intoxication, and should not be counted in his criminal history calculation. *See id.* § 4A1.2(c)(2) ("Sentences for [minor traffic infractions and public intoxication] and offenses similar to them, by whatever name they are known, are never counted . . . ."). Under Thornton's theory, the criminal history point attributable to his prior California conviction, as well as the two criminal history points that depended on that earlier conviction, were erroneously counted in determining his criminal history score. Thornton therefore argued that he had a criminal history score of zero and was eligible for the safety valve. If the district court had agreed, it would have been permitted to sentence Thornton to fewer than the 120 months required by the mandatory minimum statute. *See id.* § 5C1.2.[2]

The district court, however, rejected Thornton's argument, found him ineligible for U.S.S.G. § 5C1.2's safety valve relief, and imposed the mandatory minimum sentence. Thornton timely appealed.

---

[2]In the written plea agreement, the parties stipulated that Thornton satisfied three of the five criteria for invoking the safety valve, specifically U.S.S.G. §§ 5C1.2(a)(2), (3), and (4). Criterion (5) requires that a defendant provide to the government any information and evidence he has regarding the offense. U.S.S.G. § 5C1.2(a)(5). In addressing potential safety valve eligibility, the PSR stated only that Thornton did not satisfy criterion (1), i.e., not having more than one criminal history point. The Government did not argue in the district court, and has not argued to this court, that Thornton failed to satisfy criterion (5) as well. The parties appear in agreement that Thornton's safety valve eligibility turns on whether he satisfies criterion (1).

## II.   Jurisdiction and Standards of Review

We have jurisdiction over Thornton's appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Although the Sentencing Guidelines are no longer mandatory, we must still consider whether the district court properly applied the Guidelines; if it did not, and if the error was not harmless, we will remand to the district court for resentencing. *See United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006).

We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Ramirez*, 347 F.3d 792, 797 (9th Cir. 2003). We also review de novo "[w]hether a prior adjudication falls within the scope of the Sentencing Guidelines." *Id.* (internal quotation marks omitted).

## III.   Discussion

A.   *California Vehicle Code section 23152(b) proscribes conduct that is "similar" to driving while intoxicated or under the influence.*

In general, under the Sentencing Guidelines, a district court is required to add one point to a defendant's criminal history score for a prior conviction where, as in Thornton's case, the defendant's sentence was suspended and he was placed on probation. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(3). The Guidelines, however, contain certain exceptions. Sentences for minor traffic infractions, public intoxication, or similar offenses are not counted. *Id.* § 4A1.2(c)(2). Sentences for driving under the influence, on the other hand, explicitly *are* counted. According to the commentary accompanying the Guidelines, "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor

traffic infractions within the meaning of § 4A1.2(c)." *Id.* § 4A1.2 cmt. n.5.**³**

[1] The district court added one point to Thornton's criminal history score for a prior conviction under California Vehicle Code section 23152(b), and an additional two points because Thornton committed the § 846 offense while on probation for that prior conviction. Section 23152 is California's "driving under the influence" statute. Subsection (a) makes it "unlawful for any person who is under the influence of any alcoholic beverage . . . to drive a vehicle," and subsection (b) makes it "unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Cal. Veh. Code § 23152(a), (b).

[2] A conviction under subsection (b) is not the same as a conviction for driving under the influence because the State is not required to prove that a defendant's driving was impaired to convict him of section 23152(b)—only that he had a specified blood alcohol level. *See Hamilton v. Gourley*, 126 Cal. Rptr. 2d 652, 658 (Ct. App. 2003) ("[T]o obtain a conviction under section 23152, subdivision (b), the prosecution has no burden to prove that the defendant's driving ability was impaired. The trier of fact need not determine whether a defendant was 'driving under the influence,' only whether he had the specified BAC level. A conviction for driving with a .08 percent BAC level thus neither entails nor requires a finding of impairment." (citation omitted)); *see also People v. Bransford*, 884 P.2d 70, 73-74 (Cal. 1994) (en banc) (stating that the prosecution need not prove a defendant was impaired, intoxicated, or under the influence to convict him under sec-

---

**³** " '[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.' " *United States v. Mendoza-Morales*, 347 F.3d 772, 775 n.3 (9th Cir. 2003) (alteration in original) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

tion 23152(b)). Because Thornton's conviction, on its face, does not permit the conclusion that he drove while under the influence of alcohol, Thornton urges us to hold that U.S.S.G. § 4A1.2 cmt. n.5 is inapplicable, and that a conviction under section 23152(b) is analogous to a conviction for a "minor traffic infraction[ ]," which is excluded from a defendant's criminal history score. U.S.S.G. § 4A1.2(c)(2).

**[3]** As Thornton correctly notes, the Guidelines are silent about whether a conviction for driving with a specified blood alcohol level, as opposed to driving under the influence, qualifies as a minor traffic infraction. According to Thornton, because the Guidelines are silent on this issue, in order to increase his criminal history score based on the section 23152(b) conviction, the district judge implicitly made a factual finding that Thornton was driving under the influence of alcohol during his commission of the prior crime, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Thornton claims that this factual finding violates his Sixth Amendment and due process rights because it adds an element to subsection (b), i.e., impaired driving, that the State was never required to prove to a jury beyond a reasonable doubt.

**[4]** We disagree. Subsection 23152(b) falls squarely within the language of U.S.S.G. § 4A1.2 cmt. n.5, which states that "[c]onvictions for driving while intoxicated or under the influence (*and similar offenses by whatever name they are known*) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c)." U.S.S.G. § 4A1.2 cmt. n.5 (emphasis added). Although Thornton is correct that the State did not need to prove that his driving was impaired to convict him of violating section 23152(b), it does not follow that a violation of section 23152(b) is a minor traffic infraction. Quite clearly, section 23152(b) proscribes conduct "similar" to driving under the influence. A conviction under California Vehicle Code section 23152(b) is therefore a conviction for an offense "similar" to driving under the influence.

**[5]** Aside from the inherent logic of this conclusion, we find support for it in the California statutory scheme. Under California law, driving with a blood alcohol level of 0.08 percent or higher creates a rebuttable presumption that a defendant has violated section 23152(a) (driving under the influence). *See* Cal. Veh. Code § 23610(a)(3). Additionally, the penalty for a violation of section 23152 is the same, regardless of the subsection under which a defendant is convicted. *See id.* § 23536. These statutes leave us with little doubt that there is sufficient similarity between subsections (a) and (b) of California's "driving under the influence" law to require inclusion of a conviction under section 23152(b) in a defendant's criminal history score.

**[6]** The conclusion that a conviction for driving with a specified blood alcohol content is "similar" to a conviction for driving under the influence and includable in a defendant's criminal history calculation is in accord with the law of the only other circuit to address this precise issue in a published opinion. In *United States v. Strange*, 102 F.3d 356 (8th Cir. 1996), the Eighth Circuit held that a criminal history point was properly added to Strange's criminal history score for the offense of driving a motor vehicle with an excessive blood alcohol content. *See id.* at 363; *cf. United States v. Walling*, 974 F.2d 140, 142 (10th Cir. 1992) (holding that, where Colorado law creates a presumption that by driving with a specified blood alcohol content a defendant is driving while impaired, it is clear that the "driving while ability impaired" offense is similar to driving under the influence and includable in a defendant's criminal history score).

**[7]** Because we hold that a conviction for violating section 23152(b) is "similar" to a conviction for driving under the influence, the district court did not need to find that Thornton's driving was impaired when he committed the prior offense in order to include that offense in calculating his criminal history score. Therefore, there was no violation of Thornton's Sixth Amendment or due process rights. The district

court made no factual finding that Thornton's driving was impaired when he committed his prior offense, and application of the Sentencing Guidelines requires no such finding.

Our holding that a conviction under section 23152(b) is not a conviction for a minor traffic infraction is also consistent with *United States v. Aichele*, 912 F.2d 1170 (9th Cir. 1990). In *Aichele*, the defendant challenged the addition of points to his criminal history score for a prior reckless driving conviction. Aichele argued that he had been convicted of a minor traffic infraction, which would have been excluded from his criminal history calculation under section 4A1.2(c). We held:

> We are not left in doubt as to what is an "infraction." An infraction is any offense for which the maximum authorized term of imprisonment is not more than 5 days. 18 U.S.C. § 3559(a). Obviously Aichele's reckless driving conviction was not an infraction, much less was it a minor infraction.

*Aichele*, 912 F.2d at 1171. The maximum authorized term of imprisonment for a first violation of section 23152(b) is six months, i.e., more than five days. *See* Cal. Veh. Code § 23536(a). Therefore, under our holding in *Aichele*, Thornton's prior conviction cannot be a minor traffic infraction and may not be excluded from his criminal history calculation. *Accord United States v. Moore*, 968 F.2d 216, 224-25 (2d Cir. 1992) (holding that a New York conviction for "driving while ability impaired" was properly included in defendant's criminal history score because the maximum penalty for the offense was greater than five days).

Thornton also argues that a conviction under section 23152(b) is analogous to a conviction for "public intoxication," which must be excluded from his criminal history calculation pursuant to U.S.S.G. § 4A1.2(c). Thornton does not cite to any authority to support his position. We reject this argument as well.

B.   *Thornton is not entitled to an* Ameline *remand.*

The district court sentenced Thornton using the then-mandatory Sentencing Guidelines. Although Thornton has not raised an objection under *United States v. Booker*, 543 U.S. 220 (2005), we may raise and consider the issue of *Booker* error sua sponte. *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc) ("Even where the briefs filed by the parties do not raise a *Booker* objection, we conclude that the issue may be raised and should be considered."); *see United States v. Beck*, 418 F.3d 1008, 1016 (9th Cir. 2005); *United States v. Beaudion*, 416 F.3d 965, 970 (9th Cir. 2005).

[8] Although the district court applied the mandatory Sentencing Guidelines to Thornton's case, if Thornton were resentenced using the now-advisory Guidelines, the mandatory minimum statute requiring him to serve ten years still would apply. *See* 21 U.S.C. § 841(b). As explained above, Thornton does not satisfy the criteria required to invoke section 5C1.2's safety valve provision. This fact remains true regardless of whether the Guidelines are mandatory or advisory.

[9] Therefore, Thornton cannot be resentenced to a period of incarceration of less than 120 months, which is the sentence he currently is serving. Any argument that Thornton was erroneously sentenced using the mandatory Guidelines is moot in light of the mandatory minimum sentence. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1263 (9th Cir. 2005); *United States v. Dare*, 425 F.3d 634, 643 (9th Cir. 2005). We do not grant an *Ameline* remand.

## IV.   Conclusion

We hold that a conviction under California Vehicle Code section 23152(b) is a conviction for an offense "similar" to driving under the influence, and is therefore includable in a defendant's criminal history score. *See* U.S.S.G. § 4A1.2 cmt.

n.5. The district court correctly added one point to Thornton's criminal history score for his conviction under section 23152(b). The district court's calculation of an additional two criminal history points because Thornton committed the § 846 offense while on probation for his prior crime also was proper. Because Thornton is subject to a mandatory minimum sentence of 120 months in prison, any potential *Booker* error is moot.

**AFFIRMED**.