**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon CHAN–ASTORGA,**
**Defendant–Appellant.**

No. 06–50162.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.[*]

Filed Feb. 14, 2007.

---

**2.** This claim constituted Ground 20(14) of Klein's federal petition.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Christina M. McCall, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Casey Donovan, Esq., Law Offices of Anthony E. Colombo Jr., San Diego, CA, for Defendant–Appellant.

Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ramon Chan–Astorga ("Chan") appeals his mandatory minimum 120–month sentence following a remand for re-sentencing. Chan raises several challenges to the sentence, including the contention that the district court erred in failing to apply the safety valve. We reject that contention and conclude that the district court did not err in imposing the mandatory minimum sentence. Therefore, we do not reach Chan's remaining sentencing challenges because they are moot. *See United States v. Thornton,* 444 F.3d 1163, 1168 (9th Cir. 2006).

The parties are familiar with the facts and procedural history of this case, so we do not repeat them here.

■ Chan contends that, after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court had discretion to adjust the defendant's criminal history calculation. We recently held in *United States v. Hernandez–Castro,* 473 F.3d 1004 (9th Cir.2007), that district courts have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1). *Id.* at 1008.

■ Chan also contends that the termination of the probation, after remand of his case, erases two of his criminal history points. Chan failed to show, however, that the termination of his probation amounted to an expungement or similar invalidation of his probation that would warrant removal of the two criminal history points for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

committing a crime while on probation. *See United States v. Hayden,* 255 F.3d 768, 773–74 (9th Cir.2001) (recognizing that a conviction must be rendered a nullity in order to avoid counting towards a defendant's criminal history under U.S.S.G. § 4A1.2). In addition, Chan was on probation at the time of his arrest, so the fact that his probation terminated prior to his re-sentencing hearing does not affect the application of U.S.S.G. § 4A1.1(d). Therefore, the district court properly found that Chan had three (3) criminal history points and was ineligible for the safety valve.

Accordingly, the district court's judgment and sentence is **AFFIRMED.**