NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50048 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00499-JAK-1 |
| v. | |
| JACK BENJAMIN HESSIANI, AKA Jack Benjamin Herrera, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 13, 2020[**]
Pasadena, California

Before: WARDLAW, COOK,[***] and HUNSAKER, Circuit Judges.

Jack Hessiani appeals his sentence imposed following a guilty plea under 18

U.S.C. § 1341. He challenges the adequacy of his plea colloquy, the restitution

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Deborah L. Cook, Senior United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

calculation, the number-of-victims sentencing enhancement, and his criminal history score. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

*Plea Colloquy.* Federal Rule of Criminal Procedure 11 requires the court to inform and ensure the defendant understands "the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(G). Because Hessiani failed to challenge the plea colloquy in the district court, we review for plain error. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). We conclude the district court did not err, let alone plainly err, in informing Hessiani of the elements of mail fraud and aiding and abetting mail fraud.[1]

First, the government recited the elements of mail fraud, which Hessiani confirmed he understood and to which he admitted guilt. In reciting the elements of aiding and abetting mail fraud, the government stated that Hessiani must aid the principal "with respect to at least one element of mail fraud," but it did not specifically state which element Hessiani aided. Taking the record as a whole, we conclude the generic description of the aiding and abetting charge sufficed to inform Hessiani of the nature of this charge such that there was no error. *See*

---

[1] Hessiani raised for the first time in his reply brief that the district court erred by not ensuring there was a sufficient factual basis for his plea. We decline to address this issue. *See Int'l Bhd. of Teamsters, Airlines Div. v. Allegiant Air, LLC*, 788 F.3d 1080, 1090 (9th Cir. 2015) ("We have discretion to consider an issue raised in a reply brief . . . ."); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) ("[W]e ordinarily decline to consider arguments raised for the first time in a reply brief. . . .").

*Bargas v. Burns*, 179 F.3d 1207, 1215 (9th Cir. 1999).

Second, even were we to find error, there is no reasonable probability it affected Hessiani's plea. *See United States v. Monzon*, 429 F.3d 1268, 1271–72 (9th Cir. 2005) (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004)). Hessiani pled guilty without a plea agreement and, at the time of his plea, Hessiani and his counsel assured the district court that Hessiani understood the nature of the charges and his rights at issue multiple times. Hessiani's recent bare assertion that he would not have pled had a more thorough recitation of the aiding and abetting charge been given is insufficient to establish that he is entitled to relief under the plain error standard. *See id.* at 1273–74 (holding that the burden of demonstrating prejudice falls on the defendant seeking relief and requires showing "a reasonable probability of a different result sufficient to undermine confidence in the outcome of the proceeding" (internal citation and quotation omitted)).

*Restitution.* Hessiani argues the evidence supporting the restitution order is unreliable. We review the restitution order for an abuse of discretion. *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008). The district court based its restitution determination on detailed affidavits from investigators for the Department of Labor and the California Employment Development Department that compiled the losses caused by Hessiani's unemployment fraud scheme, accompanied by additional spreadsheets listing fraudulent payments, interviews

3

with co-defendants and victims, and site checks on suspect businesses. This evidence is sufficiently reliable, and the district court did not abuse its discretion in ordering restitution. *See id.* at 555–58 ("A sufficiently detailed affidavit doubtless would suffice in most cases . . . .").

*Number-of-Victims Enhancement.* We reject Hessiani's assertion that the district court erred in applying a 2-level sentencing enhancement for ten or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(A)(i). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record reveals there were at least ten entities or individuals who either suffered actual losses, or whose identification was used without authority. *See* U.S.S.G. § 2B1.1 cmt. n.1, n.4(E). And none of these victims were complicit in the scheme. Therefore, the district court did not abuse its discretion in applying the number-of-victims enhancement to Hessiani's sentence. *See Gasca-Ruiz*, 852 F.3d at 1175 (stating that only decisions that are "illogical, implausible, or without support in inferences that may be drawn from facts in the record" are an abuse of discretion (quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)).

*Criminal History.* Finally, Hessiani attacks his criminal history category and the resultant sentence on several grounds.

1.    The district court correctly determined Hessiani's 2002 convictions

fell within the ten-year period for inclusion in the criminal history calculation. *See* U.S.S.G. § 4A1.2(e)(2), (3). We review "whether a prior adjudication falls within the scope of the Sentencing Guidelines" de novo. *United States v. Thornton*, 444 F.3d 1163, 1165 (9th Cir. 2006) (internal citation and quotation omitted). Because the guidelines count the commencement of a scheme from the date of "any relevant conduct," U.S.S.G. § 4A1.2 cmt. n.8, and Hessiani admitted the scheme began in January 2011, his 2002 convictions fell well within the ten-year period.

2.      Hessiani argues, for the first time on appeal, that the district court incorrectly included a 2002 conviction because there was no indication he had counsel at the time of that conviction. Any error in including an unrepresented conviction was harmless. Discounting the unrepresented conviction would leave Hessiani in the same criminal history category. U.S.S.G. ch.5, pt. A. Thus, he cannot show a reasonable probability his sentence would be different such as "'to undermine confidence in the outcome of the proceeding.'" *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *Dominguez Benitez*, 542 U.S. at 83).

3.      The record shows the district court's sentence was "reasonable in light of the totality of circumstances." *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1009 (9th Cir. 2012). Sentencing departures, or the lack thereof, are reviewed for an abuse of discretion. *Id.* at 1004. Absent significant procedural errors—such as

5

using erroneous facts, improperly calculating the sentencing range, or failing to sufficiently explain the sentence—we look to whether the sentence is "substantively reasonable." *Id.* at 1004–05; *see also United States v. Ellis*, 641 F.3d 411, 421–22 (9th Cir. 2011) (explaining that challenges to sentencing departures are treated as substantive challenges in the absence of procedural errors). Here, the district court imposed a sentence below the minimum recommendation after considering the relevant evidence, the arguments advanced, and the statutory factors in 18 U.S.C. § 3553(a). We find no error.

**AFFIRMED.**