NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ELIAS SAMBRANO, <br><br> Defendant - Appellant. | No. 23-3408 <br><br> D.C. No. 4:21-cr-02281-SHR-JR-4 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted March 2, 2026[**]
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Following a guilty plea, Elias Sambrano was convicted of conspiracy to

possess cocaine with intent to distribute and possession of cocaine with intent to

distribute, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 60

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

months of imprisonment, the statutory mandatory minimum, and now appeals his sentence. We affirm.

1. Sambrano challenges the district court's finding that he is ineligible for safety-valve relief under 18 U.S.C. § 3553(f). Section 3553(f) allows the sentencing court to depart from a mandatory minimum sentence for first-time, nonviolent drug offenders who played a minor role in the offense and who have made a good-faith effort to cooperate with the government. *See United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996). The statute prescribes five requirements for relief; if the defendant fails to establish any one of the five requirements by a preponderance of the evidence, he is ineligible for safety-valve relief, and the mandatory minimum will apply. *See United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996).

We review for clear error a district court's factual finding that a defendant is ineligible for safety-valve relief. *United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007). Under that standard, "a reviewing court must ask 'whether, on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The district court found that Sambrano did not provide a complete and truthful proffer as required by section 3553(f)(5). To satisfy the truthful-proffer

23-3408

requirement, a defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); *accord* U.S.S.G. § 5C1.2(a)(5). This "tell all you can tell" requirement mandates that a defendant disclose "all information at his disposal which is relevant to the offense," often including "details concerning other parties to the crime, such as the source who provided defendant with the drugs and other persons in the chain of distribution, if known." *Shrestha*, 86 F.3d at 939. The disclosure requirement also applies to uncharged conduct related to the offense of conviction. *United States v. Miller*, 151 F.3d 957, 958 (9th Cir. 1998).

The district court did not clearly err in finding that Sambrano was not entirely forthcoming and truthful. For example, it appears that Sambrano lied when he told prosecutors that he received no money from the sale of one kilogram of cocaine on November 2, 2020, for which he was convicted. Sambrano's defense attorney came close to conceding at Sambrano's sentencing hearing that Sambrano made money off the transaction, explaining that Sambrano "didn't get any profits at all," and "[a]t best, he was going to make a commission." Additionally, the government's wiretap intercepts from November 11, 2020, showed Sambrano attempting to make a profit in a future sale, so the district court was entitled to believe that Sambrano had profited from the November 2 sale. In another example

of Sambrano's lack of candor, prosecutors confronted Sambrano with a transcript of an intercepted call in which Sambrano mentioned that his cousin in Santa Ana, Mexico, was looking to get back into the drug trade. In response to questions about his cousin's identity, Sambrano told prosecutors that his cousin did not exist. The district court was entitled to conclude that Sambrano had not shared everything he knew.

2. Sambrano also argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 3B1.1(c) for being an "organizer" and in declining to apply an additional one-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(b). Even assuming that the district court erred in its Guidelines calculations, any error was harmless because "the district court 'would have imposed the same sentence absent the errors.'" *United States v. Leasure*, 319 F.3d 1092, 1098 (9th Cir. 2003) (quoting *United States v. Matsumaru*, 244 F.3d 1092, 1106 (9th Cir. 2001)); *see United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (per curiam). Because Sambrano's conviction for possession of cocaine with intent to distribute carried a mandatory minimum five-year sentence, the district court had no discretion to impose a sentence lower than the one Sambrano received. *See United States v. Thornton*, 444 F.3d 1163, 1168 (9th Cir. 2006).

23-3408

3. Sambrano argues that the district court committed error at sentencing by providing insufficient reasoning for its sentencing decision, thereby precluding meaningful appellate review, and by failing to address inconsistencies between its Guidelines calculation and the calculation in the presentence report. Because Sambrano did not make those objections below, we review for plain error only. *United States v. Rangel*, 697 F.3d 795, 800–01 (9th Cir. 2012). The plain-error standard of review dictates that reversal is warranted only where there has been (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)); *United States v. Williams*, 5 F.4th 973, 978 (9th Cir. 2021). We find no plain error.

The district court correctly calculated a final guideline range, explaining on the record that the sentencing range was 60 to 71 months, based on a total offense level of 24 and a criminal history category of II. Sambrano is correct that in addition to announcing the correct calculations at the sentencing hearing and in its statement of reasons, the district court also adopted the presentence report without change, and the final report contained internal inconsistencies regarding Sambrano's criminal history category and the applicable guidelines range. But because the district court correctly determined Sambrano's offense level, criminal

history category, and guideline range both at the sentencing hearing and in its statement of reasons, and correctly imposed the mandatory minimum sentence, any inconsistency in the presentence report did not affect Sambrano's substantial rights. And although the district court's explanation for its sentence was brief, it provided a sufficient record for meaningful appellate review.

**AFFIRMED.**

23-3408