NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 25, 2017
Decided July 27, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3283

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 CR 294-1 |
| VIET NGUYEN, | |
| *Defendant-Appellant*. | Sharon Johnson Coleman, |
| | *Judge*. |

**O R D E R**

Viet Nguyen is before us a second time challenging his sentence for wire fraud, 18 U.S.C. § 1343, and income tax evasion, 26 U.S.C. § 7201. Initially the district court sentenced him below the guidelines range to 96 months' imprisonment and 3 years' supervised release, but on direct appeal we granted the parties' joint motion to remand for resentencing in light of *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). On remand the district court reimposed the same sentence except for revising the conditions of supervised release. Now, in this second appeal, Nguyen argues that the district court did not give enough weight to his postsentencing rehabilitative efforts and that his

prison sentence is greater than necessary to achieve the purposes of sentencing. We reject these contentions.

Nguyen owned and operated three companies providing Internet marketing and technology services. His codefendant, Adelina Miguel, managed the offices and kept the companies' books. From January 2008 until March 2012, Nguyen, Miguel, and other employees under Nguyen's direction charged more than $1.2 million to customers' credit cards and bank accounts for marketing services never provided. During 2010 and 2011 alone, at least 600 customers filed complaints against the companies. To keep the card issuers and banks from denying payment after receiving customers' complaints about Nguyen's companies, his employees altered existing documents or created phony ones. For example, a contract calling for a single payment would be altered to provide for recurring payments.

In addition to fraudulently billing clients, Nguyen and his companies cheated on their taxes. He understated his income on his individual return for 2009 and did not even file returns for 2010 through 2012. And on the companies' returns from 2008 to 2010, Nguyen and Miguel claimed deductions for personal expenses or failed to report as income amounts diverted from company accounts to pay for mortgages, car loans, and other personal expenses. The companies gave their employees inaccurate W-2 forms and filed false payroll tax returns with the State of Illinois. All told, Nguyen owes the IRS roughly $1.5 million.

Illinois authorities began investigating Nguyen and his businesses after receiving multiple complaints about false billing. Around the same time, one of Nguyen's employees, Andrea Tyler, alerted the FBI about the billing fraud. And Nguyen's employees complained to the IRS because they had received incorrect W-2 forms.

Nguyen pleaded guilty to the charges of fraud and tax evasion, but in his first appeal he did not raise any claim about his prison sentence. Instead, the parties filed a joint motion to remand for resentencing because of problems with the conditions of supervised release. The parties asserted that the district judge had imposed discretionary conditions of supervised release without adequately relating those conditions to the factors in 18 U.S.C. § 3553 and also had included in the judgment additional conditions not orally pronounced at sentencing. We granted the parties' motion and remanded for resentencing in accordance with *Thompson*.

On remand the government asserted, as did the probation officer, that amendments to the sentencing guidelines which took effect in November 2015 had lowered the imprisonment range. Instead of the range of 121 to 151 months used previously, the government and probation officer said that the new imprisonment range was 87 to 108 months. But the government asked the district court to impose the same sentence of 96 months because, the government said, a term of that length was "squarely within the middle of the applicable sentencing range." (R. 133 at 2.) The government also contended that recorded phone conversations Nguyen had made at the Metropolitan Correctional Center while awaiting resentencing showed that he was not contrite. While speaking with a friend, Nguyen had admitted committing tax evasion but said the fraud charge was "absolutely nonsense." (R. 143-1 at 1.) During that same conversation he also said that the district judge had "made a rookie mistake" and, since "she mentioned appeal eight times," apparently had wanted him to appeal so she could resentence him to a shorter term. (Id. at 2–3.) The district judge "didn't want to look weak in front of the reporters," he asserted. (Id. at 2.)

The government also contended that Nguyen had manipulated other inmates so "he could use the names of those inmates, and their prisoner accounts, to make phone calls and send emails." (R. 143 at 5.) Nguyen's use of other prisoners' accounts, the government explained, made it difficult for prison staff to monitor him and showed he had "not changed his patterns, despite serving time in prison, taking courses while in prison, and providing some limited information to prison authorities." (Id. at 6–7.)

This reference to taking courses and providing information to prison authorities relates to Nguyen's contention, through counsel, that his postsentencing efforts to rehabilitate himself warranted a sentence lower than the putative guidelines minimum of 87 months. According to counsel, after Nguyen's first sentencing he had endangered his safety at two different federal prisons by alerting authorities to the presence of contraband. FBI investigative reports confirm that Nguyen had provided some information to prison authorities in an "attempt to have his sentence reduced." (R. 142-2 at ¶ 4.) Counsel also asserted that Nguyen had taught computer skills to other inmates and taken coursework in carpentry and paralegal studies, to name a few. Finally, counsel cited statistics purporting to establish that Nguyen's risk of recidivism is low.

At resentencing, Nguyen did not testify or offer any further evidence. The district court adopted the probation officer's revised presentence investigation report with its lower guidelines range but still reimposed the same sentence of 96 months' imprisonment and 3 years' supervised release. The court emphasized that Nguyen

repeatedly had manipulated and preyed on many people. The court told him that the public needed to be protected from him because "even after your plea declaration, even throughout court, you were still trying to manipulate up to the very end." (R. 154 at 51.) Nguyen "still didn't seem to understand," the court said, that not only had he been convicted but that he was "going to be sentenced and that it was going to be a serious sentence." (Id.) "This Court does not know on what planet you were living," the judge added. (Id.) The judge told Nguyen, "You thought this Court had some type of connection with you, sympathy for you." (Id.) The court explained that Nguyen's recorded conversations showed that he had not been deterred, that he was "trying to game the system," that he was arrogant to think the case would go away, and that he had disrespected the court. (Id. at 52–53.)

Addressing Nguyen's claim of postsentencing rehabilitation, the district court opined that he had exaggerated his helpfulness to prison authorities but did commend him for taking classes, even if he did so in hopes of receiving a lighter sentence. When imposing the term of supervised release, the court explained each condition imposed, confirmed with Nguyen that he understood those conditions, and asked if he had any objections, which he did not.

In this second appeal, Nguyen challenges only the substantive reasonableness of his prison sentence. Before addressing his arguments, we note that the parties and the probation officer understated the guidelines range as 87 to 108 months, and the district court adopted that miscalculation. The true range did not change from the 121 to 151 months calculated for the first sentencing hearing. When calculating a range of imprisonment for her updated presentence report, the probation officer switched to the 2015 version of the sentencing guidelines (Nguyen's crimes were committed from 2008 to 2012). The 2015 version includes a new amendment to U.S.S.G. § 2B1.1(b)(2) that reduced the upward adjustment for number of victims, U.S.S.G. Supp. to App. C, Amend. 792 (2015), and the probation officer reduced Nguyen's offense level by five because of that amendment. Yet when resentencing a defendant, a judge must calculate the guidelines range using the version of the guidelines in effect at the initial sentencing. 18 U.S.C. § 3742(g)(1); *United States v. Angle*, 598 F.3d 352, 360 (7th Cir. 2010); *United States v. Tanner*, 544 F.3d 793, 795 (7th Cir. 2008). The 2015 version became effective on November 1, 2015, and Nguyen's initial sentencing was in June 2015, so the district court should not have reduced the previous imprisonment range of 121 to 151 months.

That being said, the district court's mistake only helped Nguyen because it set up his illusory appellate claim that he didn't receive a below-range prison sentence as he did at his initial sentencing. At his resentencing Nguyen argued that, since the district court previously had sentenced him below the guidelines range, he also should get a discount off the recalculated range. Nguyen had received 36.5% off the *high* end of the previous range (121 to 151 months), though on remand he contended that his new sentence should be just 55 months—36.5% off the *low* end of the revised range (87 to 108 months). The district court responded that it does not look at percentages, whether at an initial sentencing or a resentencing, but instead decides what punishment is "appropriate" based on the pertinent sentencing factors as a whole. (R. 154 at 56.) And 96 months, the count opined, was still the appropriate sentence, even if the guidelines range had changed.

As to the substantive reasonableness of Nguyen's prison sentence, the overall term of 96 months—whether viewed as within the recalculated range of 87 to 108 months or below the true range of 121 to 151 months—is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347–351 (2007); *United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Nguyen has not given a persuasive reason to reject that presumption.

Nguyen argues that the district court cited specific deterrence as a factor justifying his sentence even though, he says, statistics show he is unlikely to become a recidivist. But a district court need not discuss "stock arguments," like this one, that are not unique to the defendant. *United States v. Anglin*, 846 F.3d 954, 966 (7th Cir. 2017); *United States v. Grzegorczyk*, 800 F.3d 402, 406 (7th Cir. 2015). A district judge must make an "individualized assessment based on the facts presented." *United States v. Warner*, 792 F.3d 847, 855 (7th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Nguyen presented these same statistics in his resentencing memo to the district court. The judge chose not to discuss them in detail in open court but still considered all of the written material. The court instead focused on the facts as a whole to conclude that, at the time of resentencing, Nguyen had not learned his lesson and continued to think he was above the law. The court's conclusion is reasonable.

Nguyen next argues that the district court did not give sufficient weight to his postsentencing efforts to better himself. But we will not substitute our judgment for that of the district court. *Warner*, 792 F.3d at 856. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Here the district court

considered Nguyen's postsentencing conduct and concluded that, while it was commendable that Nguyen had taken classes to better himself, the help that he provided to prison authorities was overstated. The court thought that Nguyen's phone conversation with his friend showed his arrogance, that he remained undeterred, and that he had put a "thumb in the eye of the Court." (R. 154 at 58.) There is no reason to disturb the district court's well-reasoned judgment, and so it is AFFIRMED.