In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2548

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JUSTIN KOHL,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cr-00060-1 — **William M. Conley**, *Judge*.

ARGUED NOVEMBER 8, 2018 — DECIDED DECEMBER 12, 2018

Before FLAUM, MANION, and ST. EVE, *Circuit Judges*.

MANION, *Circuit Judge*. Justin Kohl was convicted of three federal controlled substance offenses. At sentencing, the district court assigned Kohl criminal history category IV. The district court included one criminal history point for a 2016 conviction in Wisconsin for operating a vehicle with a detectable amount of a restricted controlled substance in his blood. Kohl argues that the district court erred by including the 2016 conviction because a first violation of the Wisconsin statute at

issue does not carry a criminal penalty and should not have been counted. We disagree with Kohl's interpretation of the Sentencing Guidelines and affirm the district court's sentence.

## I.  Background

Kohl was indicted in June 2017 for one count of conspiracy to distribute methamphetamine and two counts of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. He was found guilty of all three charges in a bench trial conducted in April 2018 and was sentenced in July 2018.

Kohl's Presentence Investigation Report (PSIR) calculated his criminal history score as seven, placing him in criminal history category IV. The PSIR gave one criminal history point based on Kohl's 2016 conviction in Wisconsin for operating a vehicle with a detectable amount of a restricted controlled substance in his blood. WIS. STAT. § 346.63(1)(am). Wisconsin law punishes a first violation of this offense as merely a civil violation and not as a criminal act. *Id.* §§ 346.65(2)(am), 939.12.

Kohl objected to the inclusion of the 2016 conviction because the Sentencing Guidelines provide that certain listed misdemeanors and petty offenses, including local ordinance violations that are not also violations of state criminal law, are not to be counted. U.S.S.G. § 4A1.2(c)(2). He acknowledged an Application Note in the Guidelines ("Note 5") that qualifies the above exclusion by requiring that convictions for driving under the influence and similar offenses are always counted. *Id.* at cmt. n.5. He argued, however, that his Wisconsin conviction is not a "similar offense" within the meaning of Note 5 because the offense does not include intoxication or impairment as an element.

Although the district court recognized that the Wisconsin statute at issue does not require proof that the offender was impaired or under the influence, the court disagreed with Kohl's interpretation of Note 5, holding that Kohl's offense was sufficiently similar to driving while intoxicated or under the influence to qualify for inclusion. The district court also stated, however, that category IV "probably overstates [Kohl's] criminal history," and ultimately imposed a sentence of 36 months. This sentence was well below the Guideline range for category IV (77 to 96 months) and was also below the Guideline range for category III (63 to 78 months), the category to which Kohl would have been assigned if the disputed conviction was not included. Kohl appeals the district court's sentence.

## II. Discussion

We review the district court's interpretation of the Guidelines *de novo*. *United States v. Grzegorczyk*, 800 F.3d 402, 405 (7th Cir. 2015). Our interpretation of the Guidelines "begin[s] with the text of the provision and the plain meaning of the words in the text." *United States v. Hill*, 645 F.3d 900, 907 (7th Cir. 2011) (quoting *United States v. Arnaout*, 431 F.3d 994, 1001 (7th Cir. 2005)). We additionally consider the Guidelines' Application Notes "as part of the Guidelines themselves, and not mere commentary on them." *Id.* at 908 (quoting *Arnaout*, 431 F.3d at 1001).

The calculation of a defendant's criminal history score and category is governed by U.S.S.G. §§ 4A1.1 and 4A1.2. Subsection 4A1.2(c) clarifies which kinds of prior convictions are to be counted for purposes of calculating the criminal history score. It provides that "[s]entences for misdemeanor and petty offenses are counted, except" for certain listed offenses,

including "ordinance violations" that are not also violations of state criminal law. *Id.* § 4A1.2(c)(2). Note 5 to § 4A1.2 states, however, that "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified. Paragraphs (1) and (2) of § 4A1.2(c) do not apply." *Id.* § 4A1.2 cmt. n.5. We have held that § 4Al.2(c) and Note 5, when read together, require even local ordinance violations to be counted as prior convictions when the violation falls within the scope of Note 5. *United States v. LeBlanc*, 45 F.3d 192, 194–95 (7th Cir. 1995).

Section 346.63 of the Wisconsin Statutes, labeled "Operating under influence of intoxicant or other drug," prohibits operating a motor vehicle while "[u]nder the influence of an intoxicant," while "[t]he person has a prohibited alcohol concentration," or while "[t]he person has a detectable amount of a restricted controlled substance in his or her blood." WIS. STAT. § 346.63(1)(a)–(b). A first violation of any of the three offenses prohibited by § 346.63(1) is penalized only by a forfeiture of $150 to $300, and therefore is not a crime under Wisconsin law. WIS. STAT. § 346.65(2)(am); *id.* § 939.12 ("Conduct punishable only by a forfeiture is not a crime."); *see also State v. Albright*, 298 N.W.2d 196, 201–02 (Wis. 1980) (recognizing that "a 'first' violation of § 346.63(1) is not a criminal act").

Kohl argues that the district court erred by interpreting Note 5 to allow inclusion of his 2016 conviction in his criminal history score. He asserts that since his first offense was not a criminal act under Wisconsin law it is excluded under § 4A1.2(c), likening his offense to an ordinance violation that is not also a violation of state criminal law. He further asserts that Note 5 does not apply because operating a vehicle with a

detectable amount of a restricted controlled substance does not include an impairment or intoxication element, and therefore it is not a "similar offense" to "driving while intoxicated or under the influence." U.S.S.G. § 4A1.2 cmt. n.5.[1]

We disagree. The plain language of Note 5 does not explicitly or implicitly require any level of impairment to be an element of the offense. It covers all offenses that are "similar to" driving while intoxicated or under the influence. The conclusion that Kohl's offense is "similar to" driving under the influence is supported by the inclusion of the offense in Wisconsin's "Operating under influence of intoxicant or other drug" statute and within the same subsection as driving under the influence. *See* WIS. STAT. § 346.63(1).

The issue in this case is similar to an issue examined by the Ninth Circuit in *United States v. Thornton*, 444 F.3d 1163 (9th Cir. 2006). In *Thornton*, the defendant was previously convicted in California of driving with a 0.08 percent blood alcohol level. *Id.* at 1164. This was a strict liability offense that required no proof of impairment, although the offense was listed as a subsection of California's "driving under the influence" statute. *Id.* at 1165–66. Thornton, like Kohl, argued that

---

[1] The government pointed out in its briefing that even though the offense does not include an impairment element, the factual allegations contained in the PSIR suggest that Kohl was in fact impaired: he was allegedly found unconscious in a running vehicle on the side of the road, with red and glossy eyes, green foam around his lips, and dried blood beneath his nose. In determining whether the offense for which he was convicted is a "similar offense" to driving while intoxicated or under the influence, however, we focus on the elements of the offense rather than the allegations contained in the PSIR.

because his "conviction, on its face, [did] not permit the conclusion that he drove while under the influence," it should not be counted as a similar offense under Note 5. *Id.* at 1166. The Ninth Circuit held instead that "[a]lthough … the State did not need to prove that his driving was impaired to convict him," it was clear that the offense at issue "proscribe[d] conduct 'similar' to driving under the influence." *Id.* The court found additional support for this conclusion in the fact that the penalty for violating any subsection of California's driving under the influence statute "is the same, regardless of the subsection under which a defendant is convicted." *Id.*

Kohl argues that *Thornton* is distinguishable because the case involved "a presumption of impairment based on the quantity of alcohol in the driver's system" and that the Ninth Circuit focused on the presumption of impairment in reaching its conclusion. It is true that the Ninth Circuit noted that under California law operating a vehicle with a blood alcohol level of 0.08 percent or higher creates a presumption that the driver was under the influence. *Id.* But the court did not base its holding on the presumption of impairment. Instead, the court concluded that the offense on its face "falls squarely within the language of" Note 5, even though it required no proof of impairment. *Id.* The court then went further to state that "[a]side from the inherent logic of this conclusion, we find support for it" in California's rebuttable presumption of impairment. *Id.* Thus, while the presumption of impairment provided additional support, it was not the focus of the court's holding that the offense in question was logically "similar to" driving under the influence even absent proof of impairment. *Id.* at 1167 ("Because we hold that [Thornton's prior conviction] is 'similar' to a conviction for driving under the influence, the district court did not need to find that

Thornton's driving was impaired … in order to include that offense in calculating his criminal history score.").

We conclude that the same "inherent logic" noted by the Ninth Circuit supports the conclusion that Kohl's conviction is a "similar offense" within the meaning of Note 5. Just like the offense at issue in *Thornton*, this offense is included within the State's "[o]perating under the influence" statute, which logically suggests that the offense is "similar" to driving under the influence. Also as in *Thornton*, the fact that a first offense of operating a vehicle with a detectable amount of a restricted controlled substance is subject to the same penalty as a first offense of operating a vehicle "[u]nder the influence of an intoxicant" further demonstrates that these offenses are similar. *See* WIS. STAT. § 346.63(1); *id.* § 346.65(2)(am) (defining the penalties for first offenses under § 346.63(1)).

We conclude that Kohl's conviction for operating a vehicle with a detectable amount of a restricted controlled substance in his blood qualifies as a similar offense under Note 5, and therefore the district court properly included that offense in Kohl's criminal history score. [2]

### III. Conclusion

For the reasons stated above, we AFFIRM the sentence.

---

[2] The government also raised the alternative argument that any error was harmless since the district judge selected a sentence well below the Guideline range. Because we hold that the district court committed no error by including the Wisconsin offense in Kohl's criminal history score, we need not address the harmless error question.